[No. 20254.   Department One.   April 27, 1927.]

J. C. MINSHULL, *as State Supervisor of Banking,
Respondent,* v. MALCOLM McDOUGAL, *as Treasurer
for Benton County, et al., Defendants,* JOHN
GAUSTAD *et al., Interveners and
Appellants.*[1]

[1] PARTIES (37)—INTERVENTION—TIME FOR.   An intervention is not
effected through an *ex parte* order allowing it without any com-
plaint in intervention having been filed, as required by Rem.
Comp. Stat., § 202, or any service thereof upon the parties to
the action, as required by Id., § 203, until after entry of a judg-
ment dismissing the action.

Appeal by interveners from a judgment of the su-
perior court for Benton county, Truax, J., entered
April 19, 1926, dismissing an action, by consent of the
original parties.  Affirmed.

*C. J. Smith,* for appellants.

*McGregor & Fristoe, George O. Beardsley,* and *M. M.
Moulton,* for respondents.

MITCHELL, J.—The appeal in this case involves the
effect of an attempted intervention.  The trial court
held that it was not effected.

[1]  A suit by the state supervisor of banking
against the treasurer of Benton county and Western
Lands, Inc., had been pending in the superior court
for several months, having been commenced on March
5, 1925.  On February 13, 1926, John Gaustad and wife
filed in the cause a verified application for leave to
intervene in the action.  There was no complaint or
showing of any kind that they had a cause of action

¹Reported in 255 Pac. 655.

against any one, accompanying the application. On February 17, an *ex parte* order was filed authorizing Gaustad and wife to intervene. On February 24, 1926, upon motion of the plaintiff, the county treasurer and Western Lands, Inc., consenting, a judgment of dismissal of the action was duly entered in the cause. At that time, February 24, 1926, the plaintiff, the county treasurer and the Western Lands, Inc., were each unaware of the *ex parte* application of Gaustad and wife and of the order made upon that application. Neither had been given any notice by service or otherwise of the application or the order entered on it. Thereafter, however, and on February 26, Gaustad and wife filed a complaint in the cause and served it on the attorneys for all the parties who had appeared of record in the case prior to the judgment of dismissal.

An intervention must take place while an action is pending. Rem. Comp. Stat., § 202 [P. C. § 8280], says:

"An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by a complaint setting forth the grounds upon which the intervention rests, filed by leave of the court or judge on the *ex parte* motion of the party desiring to intervene."

The terms of the statute were not complied with. Rem. Comp. Stat., § 203 [P. C. § 8281], of the code provides that the complaint in intervention shall also be served upon the attorneys of the parties who have appeared. Of course that service must be had while the action is pending, before trial. None of these things were done in this case. The ineffectual attempt to

intervene was in no way chargeable to any one other than the appellants Gaustad and wife.

Affirmed.

MACKINTOSH, C. J., FRENCH, FULLERTON, and MAIN, JJ., concur.